William D. COLLINS, Employee, Plaintiff-Appellant,

v.

COMBUSTION ENGINEERING COMPANY, Employer, and Travelers Insurance Company, Insurer, Defendants-Respondents.

No. 34630.

Missouri Court of Appeals, St. Louis District, Division One.

Jan. 9, 1973.

Alfred J. Rathert, Fenton, for plaintiff-appellant.

Evans & Dixon, Edward M. Vokoun, St. Louis, for defendants-respondents.

WEIER, Acting Presiding Judge.

Claimant was denied recovery in this workmen's compensation case. The trial court affirmed and we affirm.

Claimant was employed as a "chainer". Working outdoors, he assisted in the loading of trucks. On the day of his injury he was removing chains from loads of scrap iron that had been lowered by a "travel-lift" onto the bed of an open-top truck trailer with sides and tailgate about two feet high. The "travel-lift" was a four-wheeled machine that carried the material over the trailer and lowered it to the trailer bed. In order to loosen the chain, claimant climbed a four foot ladder set against the tailgate of the trailer, stepped over the tailgate and unhooked the chain from the load of scrap. Just before his injury he started to descend from the trailer. The industrial commission, concurring in a part of the referee's findings of fact, found, and from the evidence could have reasonably determined, that as the claimant was astride the vertical perimeter guard or tailgate of the trailer he got dizzy and fell backward onto the ground. Admittedly he was seriously injured, the referee determining that he had permanent partial disability of the back and body equivalent to thirty-five per centum of the body as a whole. The referee further found that the fall was an accident arising out of and in the course of his employment when the employee-claimant was exposed to a hazard connected with his employment not common to the general public; that such hazard substantially contributed to cause his injuries and thus comes within the meaning of § 287.120, subd. 1, RSMo 1969, V.A.M.S. With this conclusion the commission could not agree, and denied compensation, stating:

"It is plain that the referee found that the fall was caused as a result of employee becoming 'dizzy'. We yield to and agree with the referee in this finding. The referee did not find, however, that there was a direct causal connection between the claimant's employment and the onset of the 'dizzy' spell attributable either to the nature of the claimant's duties or to the conditions under which he was required to perform them so that the fall can be said to have been a rational consequence of some hazard connected with

or aggravated by his employment. Indeed, the record is void of any evidence to support such a finding.

"This test is a fundamental and indispensable requisite to recovery in every Missouri workmen's compensation case, no matter how or where the accident may have occurred and no matter in what category the causative risk may be classified. 'Its basic factors are "causal connection" and "rational consequence". When they are shown to exist, the test has been satisfied; otherwise, it has not.' Liebman v. Colonial Baking Company, 391 S.W.2d 948, 950(1) (St.L.App., 1965).

"Further, we find that the height from which employee fell probably contributed to the extent of the injuries suffered, but it was not a contributory cause to the fall itself. The question whether or not the injury arose 'out of' the employment can not and does not depend in any respect upon the height from which the employee fell or the extent of the injuries he received as the result of becoming dizzy.

"Finding that employee failed to show that there was a direct causal connection between his employment and the fall attributable either to the nature of his duties or to the conditions under which he was required to perform them, compensation must be and is hereby denied."

■ The claimant now contends on appeal that the circuit court was in error for affirming the commission's award because the facts accepted by the commission establish that although the fall was caused by claimant's dizziness, the injury was also directly caused by the height from which he fell. This height, he asserts, was a hazard connected with the employment which was not common to the public. Thus, the fall, so says the employee, comes under the general rule in idiopathic fall cases that the evidence must also show a hazard connected with the employment not common to the general public or a special risk peculiar to the employment which caused or substan-

tially contributed to cause the injuries. Howard v. Ford Motor Co., Mo.App., 363 S.W.2d 61, 67 [7]. The word "idiopathic" is defined in Webster's Third International Dictionary as "1: peculiar to the individual * * *; 2: arising spontaneously or from an obscure unknown cause * * *". The fall in the instant case was peculiar to the claimant in that it arose out of a dizzy spell which he experienced at the time and which precipitated the fall. Certainly no exterior force was shown to have been exerted upon the claimant at the time of the fall and none was found by the commission. The cause of his dizziness was not explained. Injuries suffered in an idiopathic fall are not compensable because they do not arise out of and in the course of the employment as required under § 287.120, subd. 1, supra. McGrath v. Railway Exp. Agency, Inc., Mo. App., 411 S.W.2d 260, 265 [6]. As indicated in *Howard*, supra, it is only when the idiopathic fall is accompanied by evidence which shows a hazard connected with the employment not common to the general public or a special risk peculiar to the employment, and this hazard or special risk is causally connected to the injuries, that liability does arise. The issue, therefore, narrows down in the instant case as to whether there was a hazard or a special risk in the claimant working at a height of four feet where he would have to step over a two foot guard rail and descend by a ladder to the ground. In *Howard* this question was considered and after a review of the authorities, the court came to the conclusion that the fall of an employee from an elevation of twelve and one-half inches was not compensable since a twelve and one-half inch drop or stepoff is regularly met by the public and is not generally regarded as a real risk or hazard. The court further pointed out that it was not the trier of facts. Rather this duty was the burden of the commission; and if the court were to reverse the commission it would mean holding as a matter of law that a special hazard arising out of the employment not only existed but caused or contributed to cause at least a part of the injuries, and that reasonable

minds could not fairly, justly and reasonably come to any other conclusion.

Where an employee falls, as a result of dizziness, from a height of four feet, just before descending a ladder, we are not in a position to declare as a matter of law that this height and the manner in which he started to descend from the truck bed were a hazard not common to the general public or a special risk peculiar to the employment which caused or substantially contributed to cause the injuries. Many people use ladders around their homes and climb to a greater height than four feet. The commission, furthermore, found no causal connection between the fall of the employee and the circumstances of his employment at the time of fall. The commission determined that his fall was occasioned by the dizziness which he suffered at the time, and the height from which he fell only aggravated the extent of injury rather than produced the fall itself. We, of course, must view the evidence, including all legitimate inferences to be drawn therefrom, in the light most favorable to the award made by the industrial commission; and we may not substitute our judgment on the evidence for that of the commission. McGrath v. Railway Exp. Agency, Inc., *supra*, Mo.App., 411 S.W.2d ·260, 261 [3]. § 287.120, RSMo 1969, V.A.M.S. requires that an injury to be compensable must have resulted from an accident arising out of and in the course of employment. This requires that there be a direct causal connection between the employment and the injury so that the accident can fairly be said to have been a rational consequence of some hazard connected with the employment. It is not sufficient that the employment may have simply furnished an occasion for an injury from some unconnected source. Wheaton v. Reiser Co., Mo.App., 419 S.W.2d 497, 499 [3, 4]. The commission has here found that there is no such causal connection and we are not in a position to say as a matter of law that the commission erred in its determination.

Respondents' motion to dismiss the appeal has been considered and is denied. The judgment of the court below and the award of the commission is affirmed.

CLEMENS and McMILLIAN, JJ., and JOHN M. CAVE, Special Judge, concur.