Suzanne KINNEY, Appellant,

v.

CITY OF ST. LOUIS, Respondent.

No. 45786.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1983.

Application to Transfer
Denied Oct. 18, 1983.

Ernest L. Keathley, Jr., St. Louis, for appellant.

James J. Wilson, City Counselor, Robert H. Dierker, Jr., Associate City Counselor, James R. Hartung, Asst. City Counselor, St. Louis, for respondent.

CRIST, Judge.

We issued our original opinion herein on February 15, 1983. An application for transfer to the Missouri Supreme Court was sustained. On June 2, 1983, this cause was retransferred to the Missouri Court of Appeals, Eastern District, for consideration in light of *Wolfgeher v. Wagner Cartage Service,* 646 S.W.2d 781 (Mo.banc 1983).

In *Wolfgeher,* our Supreme Court permitted recovery for an employee's back injury caused by a strain from lifting a refrigerator where there was no evidence of slip, fall or unusual or abnormal strain. Further, the Supreme Court held a liberal construction of the term "accident" in our worker's compensation statute mandated a holding the back injury was compensable because the injury was clearly job related.

The question for resolution in the case at bar is whether decedent employee died as a result of an injury which was clearly job related. We find he did not, and affirm the circuit court's judgment affirming the Commission's denial of compensation.

Decedent worked the midnight shift at a City of St. Louis water treatment plant. An hour or so after reporting to work one night in February, 1976, he and a fellow worker were doing paper work at a table in the plant's kitchen when decedent arose to get a drink of water. One of decedent's hands was trembling, according to the co-worker, though it was apparently no cause for alarm because the co-worker continued writing his reports. Decedent walked to

the sink, which was behind the co-worker and out of his view, and turned on the tap. The co-worker then heard a "thump, thump," and turned to find decedent on the kitchen's floor, his eyes open but unable to speak. Decedent was diagnosed at the hospital that received him as having sustained a lineal fracture of the right temporal region of his skull, and as having a nonlocalized hematoma or blood mass in the subarachnoid space adjacent to both the right and left temporal areas of the brain.

 Claimant bears the burden of proving her claim to be within the Worker's Compensation Law's provisions. *Bauer v. Independent Stave Company*, 417 S.W.2d 693, 696 (Mo.App.1967). To sustain that burden, claimant must show decedent sustained a death-causing injury which, in turn, was caused by an accident "arising out of and in the course of [decedent's] employment." *Id.*; § 287.120, RSMo.1969 (all further references to statutory sections are to the RSMo.1969 provisions that controlled this case below). No one doubts the hematoma precipitated decedent's death. Rather, the principal deficiency in claimant's case is her failure to prove the hematoma resulted from an accident.

The only evidence on the cause of the hematoma was the testimony of decedent's neurosurgeon, who testified the cause could have been either some idiopathic weakness (e.g., the spontaneous rupture of a blood vessel) or trauma (e.g., the fall or skull fracture). If the former, decedent's death would be non-accidental under the Worker's Compensation Law and therefore noncompensable, for "[i]t is not sufficient that the employment may simply have furnished an *occasion* for an injury from some other unconnected source." (emphasis in original) *Wheaton v. Reiser Company*, 419 S.W.2d 497, 502 (Mo.App.1967). If the latter, decedent's death would be compensable *if* the trauma were a rational consequence of a hazard to which decedent's employment exposed him.

But claimant failed to show the hematoma was caused by trauma, or even that decedent had a trauma-producing "acci-dent" within the meaning of that term in the Worker's Compensation Law.

Decedent's neurosurgeon testified it was impossible to tell whether the cause was idiopathic to decedent or trauma in the absence of arteriograms taken before decedent died and of findings from a post mortem examination of his body. Further, inasmuch as idiopathic frailty and trauma remain as equally probable causes of decedent's death, claimant's failure to prove the latter also is a failure to show indirectly that decedent's death was caused by an accident. And there certainly is no direct evidence of an accident. No one saw decedent fall or hit his head; there was no evidence whatever of any condition at the water plant that would account for a fall; and decedent never regained consciousness to explain what happened.

Claimant contends for a presumption of a work-related accidental injury and death, which she claims arises whenever a worker sustains an unwitnessed injury at a place his employment duties require him to be. While Missouri Courts have toyed with such presumption, none have permitted recovery by its application. This presumption does not extend to a showing of the element of "accident." If recovery could be granted on the presumption, the element of accident must plainly appear or be readily inferrable from the surrounding circumstances. *Russell v. Southwest Grease and Oil Company*, 509 S.W.2d 776, 779 (Mo.App.1974).

 In the case at bar, the death-causing injury, which occurred on the premises and during the time of employment, may have had a causal connection with his employment. Work-relatedness of the injury was a rebuttal presumption. However, even under *Wolfgeher*, we cannot presume decedent employee's death resulted from the accident rather than natural causes. The element of accident did not plainly appear, nor was it inferrable from the surrounding circumstances. There was no hazards to cause the fall. And decedent died from a hematoma, the cause of which was shown to be in doubt by claimant's evidence. If there was a presumption favorable to claim-

ant, it went out the window upon a showing by her the death may, or may not, have been caused by a fall. In short, the injury causing death was not *clearly* job related as required by *Wolfgeher.*

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.