James **MATTHEWS**, Appellant,

v.

**ROADWAY EXPRESS, INC.,**
Respondent.

No. 12875.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 1983.

L.R. Magee, Hines & Magee, Kansas City, for appellant.

Kenneth T. Walter, Mann, Walter, Burkart, Weathers & Walter, Springfield, for respondent.

FLANIGAN, Presiding Judge.

Appellant James Matthews filed a claim, under "The Workers' Compensation Law," against respondent Roadway Express, Inc., his self-insured employer, for injuries sustained on November 11, 1978, at respondent's truck terminal. The claim was tried before James H. Wesley, Chief Administrative Law Judge of the Division of Workers' Compensation, who found in favor of the employer. Matthews filed an application for review to the Labor & Industrial Commission, which affirmed the award. Matthews appealed to the Circuit Court of Greene County where the commission's award was affirmed. Matthews appeals.

Matthews contends that the commission's award, which denied him compensation, "is clearly contrary to the greater weight of all of the evidence in the whole record in that the evidence establishes that [Matthews] suffered accidental injury arising out of

1. All references to statutes are to RSMo 1978,

and in the course of his employment with [Roadway]."

On this appeal this court must determine if the award of the commission is supported by competent and substantial evidence on the whole record. All of the evidence and legitimate inferences therefrom must be viewed in the light most favorable to the award. This court may not substitute its judgment for that of the commission. The award may be set aside only if there is no competent and substantial evidence to support it or if the findings of the commission are clearly contrary to the overwhelming weight of the evidence. Conflicts in the evidence are for resolution by the commission. *Blair v. Associated Wholesale Grocers, Inc.,* 593 S.W.2d 650 (Mo.App.1980). This court must disregard any evidence which might support a finding different from that of the commission and that is true although a finding of the commission to the contrary would have been supported by the evidence. *Petersen v. Central Pattern Co.,* 562 S.W.2d 153, 155 (Mo.App.1978). *Petersen* also holds that the commission is charged with the responsibility of passing upon the credibility of all witnesses and may disbelieve testimony of a witness even if no contradictory or impeaching evidence appears.

The parties stipulated that Matthews, as a result of the incident of November 11, 1978, received an 83.5 percent hearing loss to the right ear, was temporarily and totally disabled for a period of eight weeks and incurred certain reasonable and necessary medical expenses. The only issue was whether Matthews' injuries resulted from an "accident arising out of and in the course of his employment." § 287.120.[1] See also § 287.020 for a definition of "accident."

At 11:35 p.m. on November 11 Matthews was engaged in loading 55-gallon drums, with the use of a dolly, into a trailer at the Roadway Terminal. Each drum weighed about 450 pounds. Matthews testified, "As I was loading these drums all of a sudden I just felt sick and stepped out of the trailer.

V.A.M.S.

When I first felt sick I was up in the trailer, approximately half way, assuming it's a 40-foot trailer. That is where I had the dolly. I just felt sick all over all of a sudden, nauseated, and stepped out of the trailer. I didn't want to get sick in the trailer. I walked to the back of the trailer and then fell off the dock. I remember vomiting after I was down on the ground. The trailer was backed up to the dock. I fell to the ground on the right side of the trailer. I fell just straight down on the pavement. The drop was approximately five feet.[2]

"I don't know what caused the nausea. I had not had any nausea earlier that evening. I had gone to work about 3:30 p.m. The last thing I remember before I fell is that I just stepped out of the trailer there to the left of the trailer as you come out of the trailer. I remember nothing after that until I woke up on the ground."

The claim for compensation form, which Matthews signed, called for "how injury occurred, cause, and work employee was doing for employer at the time." Matthews' answer was, "I was loading drums on the truck and became sick, passed out and fell off the truck on my head. Doctors did not give me a definite cause for it."

The commission, in its final award, adopted the findings of Judge Wesley. One such finding reads:

"[Matthews] is not making any claim that his employment caused his dizziness so in order for [Matthews'] claim to be compensable, [Matthews] must have either sustained an accident and the accident resulted in his fall and injury or [Matthews'] fall must be considered to be idiopathic but because of special hazards connected with his employment, the resulting injuries would be considered to be compensable.

"[Matthews] testified that while loading a trailer, he felt sick, stepped out of the trailer, became nauseated and 'felt sick all over' and at that time, he fell off the dock.

There is no indication in the record that [Matthews] sustained an accident which caused his fall."

In denying compensation Judge Wesley and the commission relied primarily upon *Collins v. Combustion Engineering Company,* 490 S.W.2d 394 (Mo.App.1973). In *Collins* the claimant climbed a four-foot ladder, which was set against the tailgate of a trailer, and unhooked a chain. As he was starting to step from the trailer onto the ladder, and while he was astride the tailgate, the claimant got dizzy and fell to the ground. Although the commission found that the fall was caused by claimant's dizziness, the commission also found that there was no causal connection between claimant's employment and the onset of the dizziness. The commission also found that the height from which claimant fell probably contributed to the extent of his injuries but was not a contributory cause to the fall itself.

In using the term "idiopathic fall," the court defined the word "idiopathic" as "peculiar to the individual" and "arising spontaneously or from an obscure unknown cause." Upholding the award denying compensation, the court said:

"The fall in the instant case was peculiar to the claimant in that it arose out of a dizzy spell which he experienced at the time and which precipitated the fall. Certainly no exterior force was shown to have been exerted upon the claimant at the time of the fall and none was found by the commission. The cause of his dizziness was not explained. Injuries suffered in an idiopathic fall are not compensable because they do not arise out of and in the course of the employment as required under § 287.120, subd. 1, supra.... [I]t is only when the idiopathic fall is accompanied by evidence which shows a hazard connected with the employment not common to the general public or a special risk peculiar to the employment, and this hazard or special risk is causally connected to the injuries, that liability does arise."

---

2. The employer's evidence, based on actual measurements, showed that the distance from the dock to the ground was four feet, five inches. Matthews' brief says: "There is a statement in *Collins,* regarding the height of four feet; in this case it is four feet five inches. It would seem that there is nothing magic about a certain height over another."

Matthews seeks to avoid the holding in *Collins* on two grounds. First, Matthews argues that the facts here differed from those in *Collins.* He asserts that *Collins* became dizzy and fell from the spot where the onset of the dizziness occurred. On the other hand, Matthews argues that he got sick inside the trailer and did not want to "mess it up" so that he stepped out of the trailer onto the dock and fell from there. Matthews' brief says, "In picking a spot to get sick, a spot other than one that would cause [my] employer a problem, [I] accidentally fell off the dock."

■ It is unnecessary to determine whether or not the distinction sought to be relied upon by Matthews would, if factually supported, be material. Neither Judge Wesley nor the commission made an express finding that after Matthews "felt sick" he made a deliberate decision to move to another location so that he would not "mess up" the trailer. As noted in *Petersen,* supra, the commission is not required to state all evidentiary facts upon which its ultimate finding may depend, and Matthews requested no additional findings from the administrative law judge nor the commission. The commission was at liberty to disbelieve that portion of Matthews' testimony regarding his deliberate movement so as not to mess up the trailer, even in the absence of contradictory or disputed evidence. *Pate v. St. Louis Ind. Pack. Co., Div. of Swift & Co.,* 428 S.W.2d 744, 753[12, 13] (Mo.App.1968).

Matthews' second ground for avoiding the holding in *Collins* is that it is inconsistent with *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983), and *Wynn v. Navajo Freight Lines, Inc.,* 654 S.W.2d 87 (Mo. banc 1983). In *Wolfgeher* the claimant, while moving a refrigerator up a stairway with the help of a co-worker, felt a sharp pain in his back. He did not experience a slip or a fall or loss of grip, nor did the refrigerator shift. The supreme court affirmed the judgment of the circuit court which affirmed the commission's award in favor of the employee.

In overruling prior judicial decisions dealing with the statutory definition of "acci-

dent," as used in § 287.020.2, the supreme court held that "a strain is compensable even though the work being performed at the time of the injury was routine and the strain was not unusual or abnormal.... Where the performance of the usual and customary duties of an employee leads to physical breakdown or a change in pathology, the injury is compensable."

In *Wolfgeher,* however, the court expressly continued to adhere to these principles: "The fact of an injury having occurred does not, taken alone, constitute an accident within the meaning of the statute.... To establish a right to compensation, employee must prove both an accident and an injury, i.e., the unexpected event and the resultant trauma."

In *Wynn* the supreme court held that an employee's death was compensable where it resulted from "a work related heart attack during the course of his employment without regard to unusual or abnormal strain."

The court also said:

"*Wolfgeher* teaches that the right to compensation is not lost simply because the strains described are not unusual. It is probable that in most cases of heart attack on the job, the claimant can produce evidence of *job relatedness. But the trier of fact, as in this case, must be persuaded of this essential finding.* Even though Wynn was in poor health, had a preexisting heart condition, did not take good care of himself, and might have succumbed to a fatal heart attack while off work, possibly caused by different sorts of stress, the right to compensation should exist if the actual triggering causes are found, on the basis of substantial evidence, to meet the 'job related' or 'work related' test of *Wolfgeher.* No need exists for having one test for heart attacks and another for other injuries *brought on by the usual duties of employment.*" (Emphasis added.)

In *Kinney v. City of St. Louis,* 654 S.W.2d 342 (Mo.App.1983), a workers' compensation death claim, the court discussed the holding in *Wolfgeher* but affirmed the circuit court's judgment which affirmed the commission's denial of compensation. Decedent Kinney, who sustained a fall on his employ-

er's premises, was diagnosed as having a nonlocalized hematoma in the sub-arachnoid space adjacent to the right and left temporal areas of the brain. The evidence showed that the cause of the hematoma could have been either some idiopathic weakness, such as a spontaneous rupture of a blood vessel, or trauma, such as the fall. The court said that if the hematoma was caused by an idiopathic weakness, the death would be non-accidental and non-compensable. If the cause of the hematoma was trauma, the court said, the death would be compensable *if* the trauma were a rational consequence of a hazard to which decedent's employment exposed him. Because the evidence showed that "the death may, or may not, have been caused by a fall," the claim was not compensable for the reason, said the court, "the injury causing death was not *clearly* job related as required by *Wolfgeher*." (Emphasis in original.)

This court holds that findings of the commission are supported by competent and substantial evidence and are not contrary to the overwhelming weight of the evidence. See *Lewis v. City of Liberty*, 600 S.W.2d 677, 679 (Mo.App.1980). The judgment is affirmed.

GREENE, C.J., and TITUS and CROW, JJ., concur.