John M. JIMENEZ, Respondent,

v.

FORD MOTOR COMPANY, Appellant.

No. WD 39590.

Missouri Court of Appeals,
Western District.

Jan. 12, 1988.

Harlan D. Burkhead, Kansas City, for appellant.

Robert A. Griffey, Kansas City, for respondent.

Before NUGENT, P.J., and SHANGLER and BERREY, JJ.

NUGENT, Judge.

Ford Motor Company appeals from a decision of the Labor and Industrial Relations Commission affirming the Division of Workers' Compensation award in favor of John M. Jimenez for injuries to his hands in 1984, 1985 and 1986 in Claycomo, Missouri.

We affirm.

On appeal Ford Motor Company argues that in 1980 claimant Jimenez settled a workers' compensation claim for an injury to his hands in California, that the condition of his right hand has improved since then, that his left hand has remained the same, and that he is entitled only to additional disability for any worsening of his condition since the 1980 California settlement. Ford also argues that the award is erroneous because it fails to provide Ford with any credit for compensation paid for this identical condition in California and that no substantial and competent evidence exists to support the present award of ten percent permanent partial disability of the body as a whole.

John M. Jimenez was employed by Ford Motor Company in California from 1969 to 1980. While so employed, he had problems with his hands diagnosed as bilateral carpal tunnel syndrome. He filed a worker's compensation claim and was awarded $5,985 in a settlement for injuries to "both upper extremities" and a rating of twenty-three percent permanent disability. California records are unclear as to what the twenty-three percent rating referred to—upper extremities, hands and wrists, or body as a whole.

In July, 1983, Mr. Jimenez went to work at the Ford plant in St. Louis; he worked there for twenty-nine days and then returned to California. In September, 1984, he went to work at the Ford plant in Claycomo. After three months' employment, Mr. Jimenez complained of pain and numbness in his right hand; in February, 1985, he had decompression surgery on his right hand. He returned to work in March. In January, 1986, he was diagnosed as having the same condition in his left hand, but he did not have surgery on that hand.

Mr. Jimenez filed a workers' compensation claim and received an award of ten percent permanent partial disability to the body as a whole. Ford filed for review with the Industrial Relations Commission which affirmed the award of the administrative law judge. Ford then filed this appeal.

On appeal this court reviews the decision of the Labor and Industrial Relations Commission, and if substantial and competent evidence on the whole record supports the decision, it must be affirmed. *Sample v. Monsanto Chemical Co.*, 664 S.W.2d 625, 626 (Mo.App.1984). The review of the commission's finding must be considered in the light most favorable to the award. *Smith v. Hussmann Refrigerator Co.*, 658 S.W. 2d 948, 949 (Mo.App.1983). *Matthews v. Roadway Express, Inc.*, 660 S.W.2d 768, 769 (Mo.App.1983).

Ford argues that the condition of Mr. Jimenez's right hand has actually improved and that his left hand has remained unchanged since the claim he made in California. It contends that Mr. Jimenez is entitled only to compensation for such disability as can be shown to have occurred since his 1980 California settlement.

In his findings of fact and conclusions of law adopted by the commission, the administrative law judge found that Mr. Jimenez had settled a workers' compensation claim in California for twenty-three percent dis-

ability, but that the California records were unclear as to what the twenty-three per cent represented—one or both wrists or the body as a whole.

In 1985 Mr. Jimenez had decompression surgery on his right hand; the same surgery has been recommended for his left hand, but Mr. Jimenez so far has rejected that option. When Mr. Jimenez returned to work, he was placed under a "no power tool" restriction that has been made permanent.

■ Mr. Jimenez testified that after his California claim, the company changed his job and his hand ceased to cause him serious problems. After he began working at Claycomo, however, his right hand began hurting again and the surgery followed. Testimony by both doctors indicated that, whereas Mr. Jimenez's condition would not improve, a job that does not require the use of power tools would cause his hands to hurt less.

After reviewing all of the evidence, the administrative law judge found that Mr. Jimenez had sustained an injury or aggravation to his wrists while working at the Claycomo plant. The commission affirmed his finding. The ruling is not against the weight of the evidence and will not be disturbed on appeal. *Dupree v. Yorkshire Cleaners, Inc.*, 454 S.W.2d 607, 610 (Mo. App.1970).

■ Ford next contends that full faith and credit must be given to the California settlement. The Full Faith and Credit Clause does not require a state to subordinate its own compensation policies to those of another state. *Thomas v. Washington Gas Light Company*, 448 U.S. 261, 279, 100 S.Ct. 2647, 2659–2660, 65 L.Ed.2d 757 (1980).

■ *Stoddard v. Wilson Freight, Inc.*, 651 S.W.2d 152, 155 (Mo.App.1983), is the only Missouri case we have found that deals with the issue of full faith and credit in such a case, but it is simply not in point. There this court found that a Missouri workers' compensation claim was not barred by a Kansas workers' compensation award under the Full Faith and Credit

Clause. The claimant had been injured as he drove his employer's truck from Kansas City to Topeka. He first filed a claim in Kansas, and it was settled. Later he filed a claim in Missouri. It too was settled with the Kansas claim being credited against the amount received in Missouri. The Labor and Industrial Relations Commission also found that he was suffering from a forty percent disability of the body as a whole and was entitled to permanent partial disability from the second injury fund. The circuit court reversed the commission, deeming the settlement of the Kansas claim to be a full and final settlement. The court of appeals reinstated the commission's award.

In the present case we have a settlement in 1980 in California, yet the record is unclear as to what the California settlement represents. Ford bore the burden of producing clear records on this topic. Ford was at all times Mr. Jimenez's employer. It had access to his medical and personnel records. It was in a position to know that Mr. Jimenez had suffered problems with his hands; in fact, he had been assigned a job in California that would not aggravate his condition. In Missouri he was not assigned such a job. As the administrative law judge found, he either suffered an injury or his condition was aggravated by his job at Claycomo. No basis for considering the California award exists since the evidence does not show what it covered. Missouri is not bound to accord full faith and credit to an award that neither the litigants nor the commission can understand for want of evidence.

■ Ford also argues that no substantial competent evidence was adduced to support the award of ten percent permanent partial disability. Dr. Zimmerman testified that Mr. Jimenez's disability was sixty percent of the body as a whole; Dr. Buck testified that his disability was seven percent of the entire upper right extremity. The administrative law judge was not bound by that testimony. *Richardson v. Falcon Products, Inc. and Wausau Insurance Company*, 739 S.W.2d 596, 598 (Mo. App.1987); *Blissenbach v. General Motors*

*Assembly Division,* 650 S.W.2d 8, 11 (Mo. App.1983). Substantial, competent evidence on the whole record supports the award.

For the foregoing reasons, we affirm the ruling of the Labor and Industrial Relations Commission.

All concur.