John J. BOOS (Decedent) by Karen BOOS, et al., Claimants/Appellants,

v.

GREY EAGLE DISTRIBUTORS, INC., Employer/Respondent.

No. 53379.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 23, 1988.

---

Gerald M. Poger, Donald B. Balfour, St. Louis, for claimants/appellants.

Luke & Cuniff, Robert W. Herr, St. Louis, for employer/respondent.

CRIST, Judge.

John Joseph Boos (Employee) died on September 27, 1984, as a result of a heart attack he sustained while driving a truck for Grey Eagle Distributors (Employer). He is survived by a wife and three daughters (Dependents) who appeal the final award of the Labor and Industrial Relations Commission (Commission) denying compensation. We affirm.

Employee arrived and began his day's work by delivering twenty cases of beer to Busch's Grove Restaurant. He manually removed the twenty cases of beer from the truck, loaded the cases onto a hand cart, and pushed the cart up the walk and removed it from under the cases. Employee then proceeded to his next delivery stop, the Junior League at the Galleria Shopping Center, but was unable to make the delivery because it was closed. He proceeded west on Highway 40 and, after driving approximately one and one-half miles, lost control of his truck. Employee died from coronary thrombosis. On September 27, Employee was driving beer truck # 708, a truck with an automatic drive, power steer-ing and power brakes but no air conditioning. The temperature that day was in the low fifties.

In response to a hypothetical, Dependents' medical expert testified:

It's my impression that the physical activity of the truck driver loading and unloading cases of beer in this temperature there on the 27th of September and in the truck, it was not air conditioned, that the cause of death was myocardial infarction that was related to his job.

Employer's medical expert, however, in response to a similar hypothetical testified:

[M]y opinion is that the facts as presented do not permit a conclusion with a reasonable degree of medical certainty that the individual's work led to his death.

\* \* \* \* \* \*

[W]e do not know how heavily the individual was working and we do not know what type of heart disease, if any, this individual had, so, it becomes impossible, based on these facts, to arrive at a reasonably medically certain conclusion regarding a causal relationship between his work and his presumed cardiac death.

In reviewing the record we view the evidence in the light most favorable to the Commission's findings and affirm if the final award is supported by competent and substantial evidence. *Glickert v. Soundolier, Inc.,* 687 S.W.2d 674, 675 (Mo.App. 1985). Employee died while at work, thus the only issue is whether there was substantial evidence to support the Commission's determination that his death did not arise out of his employment.

Dependents bear the burden of proving their right to compensation under the Worker's Compensation laws. *Kinney v. City of St. Louis,* 654 S.W.2d 342, 343 [1] (Mo.App.1983). To do so, Employee's death must have occurred in the course of his employment duties and arisen out of those duties. *Staab v. Laclede Gas Co.,* 691 S.W.2d 343, 344 [1] (Mo.App.1985).

Employer's medical expert testified Employee's death was not related to his job. The worker who picked up the truck after Employee's accident and finished making the deliveries testified there was

nothing unusual about the operation of the truck on that day. While Dependents' medical expert did testify there was causation, his answer suggests he considered the temperature, lack of air conditioning, and the loading of the truck when he formed his opinion as to the cause of Employee's death. The problem is the temperature was in the low fifties so that it is unlikely the lack of air conditioning was a factor, and Employee had not loaded the truck and had only unloaded a small part of the truck's load. Additionally, Employee's past medical record indicated both Employee's parents had heart disease, and Employee smoked two packs of cigarettes and drank twelve bottles of beer a day. *See Raines v. City of St. Louis*, 711 S.W.2d 544, 545 [2] (Mo.App.1986).

Under *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781 (Mo. banc 1983), Dependents no longer need to show Employee was under an abnormal strain when he died. However, the mere fact he died while at work does not mean his death arose out of his employment or that they are entitled to relief. *Wolfgeher*, 646 S.W.2d at 783 [3]. Where the evidence is that the heart attack was just a spontaneous event in Employee's life, his dependents are not entitled to relief. *Staab*, 691 S.W.2d at 345 [4].

Dependents rely upon *Wynn v. Navajo Freight Lines, Inc.*, 654 S.W.2d 87 (Mo. banc 1983) where compensation was awarded after an employee died of a heart attack on the job, even though other outside factors contributed to the heart attack. However, in *Wynn*, the administrative law judge had found the heart attack was caused by the usual strains of the job, and the Commission had awarded compensation. The facts of this case support the Commission's finding that Employee's heart attack did not arise out of his job.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.