**Darin B. JORDAN, Appellant,**

**v.**

**D & L CUSTOM WOOD PRODUCTS and Treasurer of Missouri, as Custodian of Second Injury Fund, Respondents.**

No. 16199.

Missouri Court of Appeals, Southern District, Division One.

April 4, 1989.

Winston V. Buford, Eminence, and Milton B. Garber, Fulton, for appellant.

Pete E. Carter, Pearson & Carter, St. James, for respondent D & L Custom Wood Products.

Cynthia L. Turley, Rolla, for respondent Treasurer of Missouri, as Custodian of Second Injury Fund.

CROW, Presiding Judge.

Darin B. Jordan ("claimant") appeals from a final award denying compensation by The Labor and Industrial Relations Commission of Missouri ("Commission") in a proceeding under The Workers' Compensation Law, chapter 287, RSMo 1986. The Commission, affirming (by a two-to-one vote) an award of an administrative law judge ("ALJ") of the Division of Workers' Compensation, denied compensation on the ground that at the time of claimant's accident, April 6, 1987, his employer, D & L Custom Wood Products ("D & L"), a partnership, had only four employees and was consequently not subject to The Workers' Compensation Law by reason of § 287.090, RSMo 1986, which provides:

"1. Chapter 287 shall not apply to:

(1) ....

(2) Any employment ... wherein the employer has no more than four employees; provided, that no worker who is a member of the employer's family by marriage or consanguinity shall be included in the total number of employees of such employer for purposes of this subdivision;

...."

D & L concedes it had four employees on the date of the accident: claimant, William Dudley Raulston, James Powell and Robert Birdsong. The sole issue before the ALJ, and thereafter before the Commission, was whether, on the date of the accident, one David Rostron, a teenage nephew of Gilbert L. Durham, one of the partners in D & L, was also an employee of D & L. On that issue the ALJ's award contained these findings:

"It is my opinion at the time of the accident in question that the employer only had four employees, and therefore was not subject to the workers' compensation law.

There is sufficient evidence in the record to make a finding that David Rostron was, in fact, employed by the employer prior to the accident in question or to make a finding that David Rostron was not hired until after the accident in question. Where oral testimony presents two conflicting and diametrically opposed views, then findings must be based on the balance of the evidence contained in the record. The payroll records, as submitted by the employer, help provide sufficient information so as to make a determination that David Rostron did not receive any payroll checks. The payroll checks were issued to the employees in consecutive numerical sequence. The records submitted show that the check number preceding the first payroll check issued and the check number subsequent to the last payroll check issued were not for payroll expenses. Based on this fact and the testimony of Gilbert Durham and Gary Lay, it is my opinion that David Rostron was not employed by the employer prior to the accident in question."

Gary Lay mentioned in the ALJ's findings is a partner in D & L.

The final award adopted by two of the three Commissioners held that the ALJ's award was supported by competent and substantial evidence. The ALJ's award was made a part of the Commission's award.

Claimant's brief presents two points. The first is:

"The ... Commission erred in holding that the employer had only four employees on the date of the accident and was, therefore, not subject to the [Workers' Compensation] Act because the subsidiary holding that 'David Rostron was not employed by the employer prior to the accident in question' was not supported

by sufficient competent evidence upon the whole record."

The scope of our review is established by § 287.495.1, RSMo 1986, which provides:

"... Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award."

We review the Commission's award, not that of the ALJ. *Richardson v. Falcon Products, Inc.*, 739 S.W.2d 596, 597[1] (Mo. App.1987); *Swillum v. Empire Gas Transport, Inc.*, 698 S.W.2d 921, 923[1] (Mo.App. 1985). The Commission's award may be overturned only if it is not supported by substantial evidence or if it is clearly contrary to the overwhelming weight of the evidence. *Johnson v. City of Duenweg Fire Department*, 735 S.W.2d 364, 366[1] (Mo. banc 1987). Consequently, our duty is to determine from the record as a whole whether the Commission could reasonably have made its findings and award, reviewing the record in the light most favorable to the findings of the Commission. *Id.* at 366[2]. The Commission is the sole judge of the weight of the evidence and the credibility of the witnesses. *Welborn v. Southern Equipment Co.*, 395 S.W.2d 119, 125–26[7] (Mo. banc 1965); *Smith v. Ozark Lead Co.*, 741 S.W.2d 802, 812[7] (Mo.App. 1987). If the competent evidence or permissible inferences are conflicting the choice rests with the Commission and is binding upon us. *Davis v. Roadway Express, Inc.*, 764 S.W.2d 145, 152 (Mo.App. 1989); *Katzenberger v. Gill*, 690 S.W.2d 473, 475[2] (Mo.App.1985); *Springett v. St. Louis Independent Packing Co.*, 431 S.W. 2d 698, 700[6] (Mo.App.1968).

Claimant presented four witnesses: himself, his father, and D & L employees Raulston and Powell. The essence of their testimony was that David Rostron was an employee of D & L at the time of claimant's injury. D & L presented four witnesses: Gilbert Durham, his wife Rita, Gary Lay, and his wife Carol. The thrust of their testimony was that although David Rostron was residing with the Durhams at the time of claimant's injury, Rostron did not become an employee of D & L until after claimant was hurt. D & L's pay records, maintained by Carol Lay, showed that the first check issued to Rostron was April 10, 1987, four days after claimant's injury, and that the check was for only a partial week's work.

The dissenting Commissioner based his dissent on the credibility of the witnesses and evidence presented at the hearing before the ALJ. In the dissenter's opinion, "[T]he overwhelming weight of the evidence ... was that Rostron was a fifth employee of [D & L] and was working at the mill on the date of the claimant's accident."

Having carefully studied the 140–page transcript we are persuaded, as was the ALJ, that there is sufficient evidence to support a finding either way on the issue of whether Rostron was an employee of D & L at the time of claimant's injury. The majority of the Commission, however, found D & L's evidence more convincing (as had the ALJ). We may not substitute our judgment for that of the Commission as to questions of fact, *Merriman v. Ben Gutman Truck Service, Inc.*, 392 S.W.2d 292, 296[1] (Mo.1965); *Fowler v. Monarch Plastics*, 684 S.W.2d 429, 430[1] (Mo.App. 1984), as conflicts in the evidence are for resolution by the Commission. *Matthews v. Roadway Express, Inc.*, 660 S.W.2d 768, 769[3] (Mo.App.1983); *Blair v. Associated Wholesale Grocers, Inc.*, 593 S.W.2d 650, 652 (Mo.App.1980). We are bound to affirm the Commission's award if it is supported by competent and substantial evi-

dence on the whole record, *Barnes v. Ford Motor Co.*, 708 S.W.2d 198, 199[2] (Mo.App. 1986), even though a finding of the Commission to the contrary would have been supported by the evidence. *Matthews*, 660 S.W.2d at 769[4]; *Petersen v. Central Pattern Co.*, 562 S.W.2d 153, 155–56[2] (Mo. App.1978).

We hold that the Commission's finding that D & L had only four employees on the date of claimant's injury (and was consequently not subject to The Workers' Compensation Law) is supported by competent and substantial evidence on the whole record and is not clearly contrary to the overwhelming weight of the evidence. We further hold that the Commission made no error of law in that determination, and that an opinion containing a detailed account of the evidence on that issue would have no precedential value. Claimant's first point is denied.

The Commission's award incorporated a ruling by the ALJ that even if David Rostron was an employee of D & L at the time of claimant's injury, Rostron was not a "countable" employee under § 287.090.1(2), quoted *supra*, in that Rostron was a member of Gilbert Durham's family by consanguinity. Claimant's second—and final—point avers that holding was erroneous. Having upheld the Commission's finding that Rostron was not employed by D & L on the date of claimant's injury we do not reach claimant's second point.

Inasmuch as our rejection of claimant's first point is dispositive of this appeal and an opinion synopsizing the evidence on that point would have no precedential value, the award of the Commission denying compensation is affirmed in compliance with Rule 84.16(b), Missouri Rules of Civil Procedure (20th ed. 1989).

HOLSTEIN, C.J., and GREENE, J., concur.