Terilyn E. McKINESS, Appellant,

v.

WESTERN UNION TELEGRAPH COMPANY, Respondent.

No. 55273.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 29, 1989.

Thomas J. Casey, St. Louis, for appellant.

Gerald R. Ortbals, William E. Roussin, Roussin & Roach, St. Louis, for respondent.

SIMEONE, Senior Judge.

Appellant, Terilyn McKiness, appeals the order of the Labor and Industrial Commission denying worker's compensation for an injury which occurred on August 27, 1981. Appellant, an employee of Western Union Telegraph Company, worked in the customer service department where she took calls from customers and then sent messages or money orders and corrected any problems which may have arisen in those transactions.

At the time she was injured, appellant testified that she was involved in her regular work duties. Appellant had just taken half of a muscle relaxant for an injury which occurred in 1979. She testified that she started to get up from her chair when she felt ill. She sat back down again for a few minutes and when she stood up again she had a sharp pain through the chest and fell into the back of another employee's chair landing on the floor in a sitting position. When she fell her left rib cage and left armpit hit the chair. She was taken to the hospital where she was later diagnosed to have a ruptured disc.

Appellant filed a claim pursuant to the Workers' Compensation Statute and a hearing was held in front of an Administrative Law Judge. Compensation was denied because the Administrative Law Judge found that appellant's injury was "idiopathic" and did not arise out of and in the course and scope of her employment. Appellant then sought review from the Labor and Industrial Relations Commission which affirmed the denial by the Administrative Law Judge. This appeal follows.[1]

Appellant asserts that the denial of compensation is against the greater weight of the evidence and that such denial is not supported by competent and substantial evidence. The Administrative Law Judge found and the Commission affirmed that appellant's "injury was 'idiopathic,'[2] not arising out of and in the course of her employment."

At the outset we note that in reviewing a decision of the Commission, we will look only to the evidence most favorable to the decision and we will not overturn an award or denial unless it is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence. *McClain v. Welsh Co.,* 748 S.W.2d 720 (Mo.App.1988). Both parties agree that the injury occurred in the course of her employment. The disputed issue is whether the injuries arose out of her employment. For an injury to "arise out of" the employment it must be a natural and reasonable incident thereof, *McClain* at 724, and is the rational consequence of some hazard connected with the employment. *Blatter v. Mo. Dept. of Social Services,* 655 S.W.2d 819, 823 (Mo.App. 1983). While appellant appears to concede in her brief that her fall was idiopathic she argues that this idiopathic fall is compensable since there is evidence of a hazard connected to the employment which is not common to the general public. *See Matthews v. Roadway Express, Inc.,* 660 S.W.2d 768, 770 (Mo.App.1983). To support her proposition appellant argues that the close proximity of the other employees' chairs can be viewed as a hazard connected to her employment because "the possibility exists that an employee can stand up and

---

1. Direct appeal bypassing the circuit court is allowed by § 287.495 RSMo.1986.

2. Idiopathic falls are those which are due to something peculiar to the individual arising spontaneously or from an obscure or unknown cause. Kenter, *Life After Wolfgeher: What is an on the Job Accident in Missouri?* Vol. 42, Journal of the Missouri Bar 260, 261 (June 1986).

strike the back of another's chair and injure herself." We find that under the circumstances, this argument to be devoid of merit as it was the fall that caused the striking of the chair and subsequent injury, not the position of the chair. In addition, chairs are not uncommon to the general public nor do they present a special risk peculiar to the employment. *See Collins v. Combustion Engineering Co.*, 490 S.W.2d 394 (Mo.App.1973).

Two Missouri cases are similar in facts and result. In *Collins, supra,* this court held that an idiopathic fall off of a four foot ladder did not arise out of the employment. This court noted that to climb a ladder four feet or more is not an uncommon experience for many people around their homes. In comparison, a chair is more common than a ladder.

In *Matthews, supra,* the Southern District Appeals Court held that an idiopathic fall out of a truck the employee was loading did not arise out of the employment. There, the employee felt ill and moved to the end of the truck so as not to vomit in the truck. He moved to the edge, became dizzy and fell 4 feet down off of the truck. The court affirmed the commission's finding that the height from which the employee fell "probably contributed to the extent of his injuries but was not a contributory cause to the fall itself," thus denying relief.

■ Appellant also contends that a previous injury and medication taken therefor combined to cause her to fall and hit a chair, so that fall was not idiopathic. The Commission found no medical evidence of this. The competent and substantial evidence supports the denial of any award.

■ Appellant next claims error because any doubts as to right to compensation must be resolved in favor of the injured employee. Appellant bears the burden of proof as to her right to compensation under the Workers' Compensation laws. *Roos v. Grey Eagle Distributors, Inc.*, 745 S.W.2d 837, 838 (Mo.App.1988). The mere fact that appellant was injured at work does not entitle her to relief. *Id.* at 839. Appellant has failed to meet her burden of proof.

Judgment is affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.