Raymond V. ALEXANDER, Appellant,

v.

D.L. SITTON MOTOR LINES, et al., Respondents.

No. 75017.

Supreme Court of Missouri, En Banc.

April 20, 1993.

Rehearing Denied May 25, 1993.

Charles Buchanan, Joplin, for appellant.

Ronald G. Sparlin, Joplin, for respondents.

LIMBAUGH, Judge.

In this workers' compensation case, we revisit the scope and application of the terms from § 287.120.1, RSMo 1986,[1] which allow recovery for injuries sustained in an accident "arising out of" the claimant's employment. For the first time we do so in the context of the so-called "idiopathic fall." Our jurisdiction is set out in *Article V, § 10*, of the Missouri Constitution.

Raymond V. Alexander filed a claim for workers' compensation benefits following an injury he sustained while employed by D.L. Sitton Motor Lines [Sitton]. After a hearing, recovery was denied by an administrative law judge of the Division of Workers' Compensation. The ruling was affirmed by the Labor and Industrial Relations Commission [Commission] and in turn, by the Court of Appeals, Southern District, after which this Court granted transfer. We reverse the decision of the Commission denying compensation and remand for a determination of the amount of benefits.

On September 7, 1988, Alexander drove a tractor-trailer truck for Sitton from Bohannon, Texas to Sapulpa, Oklahoma to pick up a preloaded trailer that he was to deliver to Wichita, Kansas. In order to connect his tractor to the loaded trailer, he first had to disengage the trailer he had been pulling. To do so, Alexander climbed onto a platform behind the tractor-cab to uncouple two hoses and an electrical line attached to the trailer at a height of approximately 9 inches from the top of the platform. The platform itself was approximately 1½ to 2 feet wide, 4 feet long, and 4 to 4½ feet high. Alexander stooped down on the platform and disconnected the two air hoses without difficulty. The electrical line proved to be more of a problem to remove, and Alexander, still crouching, had to wriggle the line before it came free. Alexander then stood up and turned around to place the hoses and the electrical line on a post at the back of the cab. In the process, he

---

**1.** The statute provides in pertinent part:

Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person....

became dizzy, lost his balance, and fell off the platform onto the ground below, sustaining the injuries for which he now seeks compensation.

On appeal, Alexander claims that the Commission erred in holding that the accident did not arise out of his employment,[2] and more specifically, that the Commission erred (1) in finding that the dizzy spell was idiopathic,[3] (2) in finding that work on the platform was not a "greater hazard" than is common to the general public, and (3) in concluding that an "idiopathic fall" can never arise out of one's employment unless the conditions of the employment subject an employee to a "greater hazard."

■ Under *Article V, § 18*, of the Missouri Constitution we review the decision of the Commission to see that it is supported by competent and substantial evidence on the record as a whole. In that review, we defer to the Commission on issues involving the credibility of witnesses and the weight to be given testimony, and we acknowledge that the Commission may decide a case "upon its disbelief of uncontradicted and unimpeached testimony." *Ricks v. H.K. Porter, Inc.*, 439 S.W.2d 164 (Mo.1969). Questions of law, of course, are the proper subject of our review. *Section 287.495.1, RSMo 1986.*

■ The Commission found that the dizziness was idiopathic and that there was no "causal connection between the circumstances of the claimant's employment and the onset of the dizzy spell." It therefore concluded that the accident did not arise out of his employment. The Commission's finding that the dizzy spell was idiopathic was based on its determination that Alexander's account of the cause of the dizziness was not credible. Alexander suggested various reasons why he became dizzy, and only upon cross-examination did he forward his opinion that the dizziness was caused by rising from a crouched position after disconnecting the hoses and electrical line. Although we do not disturb the find-

ing of the Commission that the dizzy spell was idiopathic, we disagree with the conclusion that the accident did not arise out of his employment.

As legal support for its holding, the Commission relied on the factually similar case of *Collins v. Combustion Engineering Co.*, 490 S.W.2d 394 (Mo.App.1973). In *Collins*, an employee was injured when he fell off a ladder from the height of 4 feet. The Commission found, and the court of appeals agreed, that the fall arose out of a dizzy spell that had no causal connection to the conditions of employment. The Commission also determined

> that the height from which employee fell probably contributed to the extent of the injuries suffered, but it was not a contributing cause to the fall itself. The question whether or not the injury arose "out of" the employment can not and does not depend in any respect upon the height from which the employee fell or the extent of the injuries he received as the result of becoming dizzy.

*Collins*, 490 S.W.2d at 396.

The court of appeals then concluded that "[i]njuries suffered in an idiopathic fall are not compensable because they do not arise out of and in the course of the employment as required under § 287.120, subd. 1." *Id.*

To this rule of noncompensability of idiopathic falls, *Collins* recognizes one exception: where evidence shows that a hazard or special risk connected with the employment and not common to the general public contributed to the injuries, recovery is allowed. *Id., citing Howard v. Ford Motor Co.*, 363 S.W.2d 61, 67 (Mo.App.1962). In denying recovery, the *Collins* court concluded that the employee's work on a ladder at a height of 4 feet was not a "greater hazard."

■ It is well settled that an accident arises "out of" the employment "when there is a causal connection between the conditions under which the work is re-

---

2. The parties stipulated that Alexander's injury occurred while he was "in the course of" employment, the second prong of the statutory test.

3. "Idiopathic" is defined as "peculiar to the individual: innate." *Webster's Third New International Dictionary* 1123 (1986).

quired to be performed and the resulting injury."[4] *Kloppenburg v. Queen Size Shoes, Inc.,* 704 S.W.2d 234, 236 (Mo. banc 1986); quoting *Dehoney v. B–W Brake Co.,* 271 S.W.2d 565, 566 (Mo.1954).

In our view, *Collins* misapplies the "causal connection" test by focusing solely on the initial or precipitating cause of the accident without fair regard for conditions of the workplace that contribute to cause the accident or exacerbate the injuries. Under *Collins,* once the Commission determines that the initial cause of the accident is idiopathic, the entire incident is characterized as idiopathic. An accident, however, should not be defined merely by its precipitating cause, but instead by the entire sequence of events that takes place, by the injuries suffered, and by whatever cause or causes give rise to those events and injuries. In *Collins,* for instance, the accident was not just a fall, but a fall from a four-foot height; the injury suffered from the accident was not the dizziness but the trauma from the fall; and the cause of the accident was not just the idiopathic dizzy spell, but also the condition of the workplace, in particular the elevation at which the employee was working. Indeed, had the employee in *Collins* been standing on the ground when he became dizzy, in all likelihood, there would have been no fall, and thus, no accident and no injury. In other words, the accident would not have occurred but for the condition of the workplace. Nevertheless, because the precipitating cause of the accident was idiopathic, recovery was denied.

We believe that the analysis of "causal connection" should not stop with a determination of the precipitating cause of the accident. If we are to give full meaning to the statutory language that injuries are compensable due to accidents "arising out of" the employment, we must recognize that the precipitating cause of the accident may not be the sole cause, and that the proper test of "causal connection," simply put, is whether the conditions of employment caused or contributed to cause the accident.

The second prong of the *Collins* approach, designed to stem the harshness of its application (or misapplication) of the "causal connection" test, allows recovery where a "greater hazard" in the workplace contributed to cause the injuries, even though the initial cause of the accident was idiopathic. This concession, however, does not eliminate the inconsistency with the language of the statute. The phrase "arising out of ... employment" has no qualification. Recovery is not limited solely to accidents arising out of conditions of employment that constitute a "greater hazard" than normally encountered by the employee. Furthermore, even if a "greater hazard" test could be read into the statute, it strains reason and common sense to hold as in *Collins* and now with Mr. Alexander, that the test is not met by a condition of employment that requires the employee to work on a ladder or platform at heights of 4 feet or more from the ground.

■ Mindful that the workers' compensation laws are to be interpreted broadly and liberally with a view to the public interest, *§ 287.800, RSMo 1986,* we reject the "idiopathic fall/greater hazard" doctrine of *Collins.*[5] *Collins* is overruled.

We hold that a causal connection is established if the conditions of the workplace contributed to cause the accident, even if the precipitating cause was idiopathic. We emphasize, however, that an idiopathic inju-

---

**4.** In *Wolfgeher v. Wagner Cartage Serv., Inc.,* 646 S.W.2d 781, 785 (Mo. banc 1983), we stated that an injury would be compensable if "clearly job related." The test for a "causal connection" between the injury and the work to be performed is equivalent to the *Wolfgeher* test for "job relatedness."

**5.** The courts of several other jurisdictions, passing on similar statutory language ("arising out of ... employment"), have also rejected the *Collins* approach. *Dependents of Chapman v. Han-* *son Scale Co.,* 495 So.2d 1357 (Miss.1986); *George v. Great Eastern Food Products, Inc.,* 44 N.J. 44, 207 A.2d 161 (1965); *Employers Mutual Ins. Co. v. Industrial ACC Comm'n,* 41 Cal.2d 676, 263 P.2d 4 (1953); *Morris v. City of Opelousas,* 572 So.2d 639 (La.App.1990). *See also, Valerio v. Industrial Comm'n,* 85 Ariz. 189, 334 P.2d 768 (1959) (Johnson, J., dissenting); *Irwin v. Industrial Comm'n,* 695 P.2d 763 (Co.App.1986) (Tursi, J., dissenting).

ry or condition that precipitated an accident is not compensable, and without question, there is no recovery for a wholly idiopathic incident, such as a heart attack that is not brought on by the conditions of employment. But even though the heart attack, itself, is not compensable, injuries sustained in a fall as a result of the heart attack would be compensable, assuming there is a causal connection between the fall and the workplace.

The findings of the Commission indicate that Alexander suffered injuries as the result of a fall from a height of 4 to 4½ feet. It is clear that the conditions of employment—in particular, Alexander's work on a narrow, elevated platform—caused or contributed to cause those injuries, and thus, a causal connection was established between the conditions of employment and the accident. In all likelihood, Alexander would have suffered no injuries whatsoever had he not been on the platform. Therefore, we hold that the accident arose out of Alexander's employment.

The Commission's award denying recovery is reversed and the case is remanded for a determination of benefits.

All concur.