Charles WOOD, Deceased.

Linda Wood, Claimant–Appellant,

v.

J.R. GREEN CONSTRUCTION
COMPANY, Employer–
Respondent.

No. 66290.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 11, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 31, 1995.

Stephen C. Banton, Manchester, for appellant.

Maureen L. Cary, St. Louis, for employer-respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Maria W. Campbell, Asst. Atty. Gen., Jefferson City, for Second Injury Fund.

DOWD, Judge.

This is a workers' compensation case. Linda Wood (Claimant), the widow of Charles Wood (Decedent), appeals from the Commission's decision denying workers' compensation benefits for injuries Decedent suffered to his right femur. Claimant also appeals the Commission's denial of death benefits alleging the fracture in Decedent's leg hastened his death. We reverse and remand to the Commission for reconsideration in light of the Missouri Supreme Court's recent decision in *Alexander v. D.L. Sitton Motor Lines*, 851 S.W.2d 525 (Mo. banc 1993).

Decedent worked for J.R. Green Construction Company (Employer) as a carpenter. In the fall of 1987, he was diagnosed with inoperable lung cancer. Because he was undergoing treatment for the cancer, Decedent did not work from the time of the diagnosis until sometime in January 1988. After returning to work, Decedent still received some chemotherapy treatments which required him to be absent from work intermittently.

On May 23, 1988, Decedent was working on a house in the Woodlyn Crossing Subdivision. He went to his truck to retrieve a tool. Decedent fractured his right femur while walking back to the job site from his truck. Although no one saw Decedent fracture his leg, Gary Thebeau, Decedent's co-worker, saw Decedent walking to his truck. A few minutes later, Thebeau heard the sound of lumber falling and then heard Decedent yelling for help. He turned around and saw Decedent lying on a stack of lumber. Dece-

dent was taken by ambulance to St. Joseph's Hospital. After he fractured his leg, Decedent's condition worsened, and he was never able to return to work. In February 1989, Decedent sustained a second fracture in his right femur as a result of a cancerous tumor which had formed in his right leg.

Decedent filed a workers' compensation claim for the injuries he sustained on May 23, 1988. However, Decedent died before a hearing was held on his claim. Claimant then filed an amended workers' compensation claim on Decedent's behalf requesting temporary total disability benefits for May 23, 1988 through March 2, 1989, the date of Decedent's death. Claimant also requested death benefits because she alleged the injury to Decedent's leg hastened his death. Employer denied liability alleging Decedent's injuries were not work-related because they were caused by the weakening of his bones due to cancer.

At the hearing, Dr. Steven Allen, Decedent's treating oncologist, testified Decedent's fracture was caused by trauma; however, his hospital admission summary reflects a diagnosis of "pathologic fracture of the distal femur." Dr. Allen was also the certifying physician on Decedent's death certificate. He found Decedent died as a result of cardiopulmonary arrest, carcinoma of the lung, and hypercalcemia. After reviewing all of the evidence, the Administrative Law Judge (ALJ) found Decedent's leg broke due to the cancer, and this caused him to fall onto the stack of lumber. Therefore, the ALJ found Decedent's injury did not arise out of his employment because his femur bone was weakened due to cancer and the fracture could have occurred anywhere. The Commission affirmed the ALJ's decision and adopted his findings. Claimant now appeals. On appeal, we are governed by the standard of review as stated in § 287.495.1, RSMo 1986, which provides:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Claimant bears the burden of proving her claim falls within the provisions of the Workers' Compensation Law. *Kinney v. City of St. Louis*, 654 S.W.2d 342, 343[1] (Mo.App. 1983). To sustain her burden, Claimant must show Decedent's injury was caused by an accident "arising out of and in the course of [decedent's] employment." *Id.;* § 287.120.1, RSMo 1994.

Claimant alleges the Commission erred in finding his injury did not arise out of and within the course of his employment because Decedent was performing his job when the injury occurred.

The findings of fact adopted by the Commission state:

Claimant presented no testimony of witnesses to the fall or documentary evidence which enunciates the reason why decedent fell. Even if there were properly preserved statements of decedent of a "slip" or a "twist," no admissible evidence was presented regarding how or why the fall accompanying the fracture may be characterized as "arising out of" the duties or work conditions of decedent's employment. Mr. Thebeau, the co-worker, testified decedent was on site retrieving a tool when he thereupon returned to the structure. None of the evidence presented by any witness' testimony or documentary evidence reveals the specific reason for decedent's fall. No cases or evidence suggest walking back to the structure at the site presented decedent with a hazard not common to the general public or a special risk peculiar to carpenters. *See Collins v. Combustion Engineering Co.*, 490 S.W.2d 394 (Mo.App.1973). *Boos v. Grey Eagle Distr., Inc.*, 745 S.W.2d 837 (Mo.App.1988).

The Commission found the injuries to Decedent's right femur were not compensable according to the test set forth in *Collins v. Combustion Engineering Company*, 490

S.W.2d 394 (Mo.App.1973). In *Collins*, the court found injuries an employee suffered when he fell due to dizziness while descending a four-foot ladder he climbed in order to do his job were not covered by workers' compensation. *Id.* at 395. The *Collins* court concluded the employee's fall was idiopathic and therefore not compensable. *Id.* at 396[1]. *Collins* held an idiopathic fall is not compensable under workers' compensation unless the evidence shows that a hazard or special risk connected with the employment and not common to the general public contributed to the injuries. *Id.*

However, the Missouri Supreme Court recently overruled the test used in *Collins* in *Alexander v. D.L. Sitton Motor Lines*, 851 S.W.2d at 528[4]. In *Alexander*, the claimant sought workers' compensation benefits for injuries he sustained when he became dizzy and fell off of a platform while at work. *Id.* at 526–27. The Commission found the claimant's injuries did not arise out of his employment because the dizziness which caused the accident was idiopathic. *Id.* at 527. However, the Missouri Supreme Court reversed finding, even though the precipitating cause was idiopathic, the injury was compensable because the accident would not have occurred but for the conditions of the workplace. *Id.* at 528[3]. In other words, the court found, even though the dizziness caused the fall, claimant would not have been injured if he had not been on a four-foot-high platform performing his job. *Id.* The court held, "a causal connection is established if the conditions of the workplace contributed to the accident, even if the precipitating cause was idiopathic." *Id.* at 528[4]. Although the court stated, an injury is not compensable if the cause is wholly idiopathic, it stated the test adopted in *Collins* should no longer be used because it focused "solely on the initial or precipitating cause of the accident without fair regard for conditions of the workplace that contribute to cause the accident or exacerbate the injuries." *Id.* at 529[4].

The Commission relied on *Collins* in finding Decedent failed to show he fractured his right femur as a result of "a hazard not common to the general public or a special risk peculiar to carpenters." However, according to the test adopted in *Alexander*, Claimant is entitled to workers' compensation benefits if the conditions of Decedent's workplace contributed to the cause of his accident in any way. *Id.* at 528[3]. "Recovery is not limited solely to accidents arising out of conditions of employment that constitute a 'greater hazard' than normally encountered by the employee." *Id.*

We find a remand is necessary because the Commission erroneously relied on the standard set forth in *Collins* in reaching its decision. In *Williams v. Anderson Air Activities*, the court held a remand was required where the Commission relied on court of appeals decisions which had been overruled by the Missouri Supreme Court by the time the case came up on appeal. 319 S.W.2d 61, 66[6] (Mo.App.1958). The *Williams* court stated, "[i]n all fairness and justice the commission should make its determination as to whether there was an accident on the facts and in the light of the most recent decisions of the Supreme Court on the question." *Id.*

We reverse and remand to the Commission for reconsideration in light of the Missouri Supreme Court's decision in *Alexander*.

CRANE, P.J., and CRANDALL, J., concur.