Brian F. **CLANCY**, Employee/Respondent,

v.

**ARMOR ELEVATOR COMPANY**, Self–Insured, c/o Helmsmann Management Service Inc., Employer/Appellant.

No. 66460.

Missouri Court of Appeals, Eastern District, Division Three.

April 18, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1995.

Robert E. Bidstrup, Betsy S. Schmidt, Evans & Dixom, St. Louis, for appellant.

Jerome T. Bollato, Bartley, Goffstein, Bollato & Lange, Clayton, for respondent.

CRANDALL, Judge.

This is a Workers' Compensation case. Employer, Armor Elevator Co., appeals from a temporary or partial award entered by the Labor and Industrial Relations Commission (Commission) in favor of employee, Brian F. Clancy. Employee filed a motion to dismiss the appeal for lack of jurisdiction. We deny employee's motion to dismiss and affirm the Commission's award.

The record discloses that employee responded to a service call requesting repair of an elevator at a local hospital. The repairs required employee to walk up and down a flight of metal stairs which led from the elevator to the machine room. While working in the machine room, employee experienced chest pain. He decided to seek assistance and proceeded down the flight of metal stairs. Employee slipped and jammed his foot on a step. He fell, twisting his leg and striking his buttocks on the steps. He was eventually taken to the emergency room, and was treated for an evolving myocardial infarction and pain in his hip and leg.

An Administrative Law Judge (ALJ) heard this claim and denied compensation. Employee filed an application for review to the Labor and Industrial Relations Commission (Commission). The Commission reversed the ALJ's denial of compensation. While the Commission held the employee's cardiac problem was not work-related, it found a causal relationship between employee's fall and his hip and leg injuries.

In its award, the Commission noted that while the evidence indicated the employee's fall caused injury and supported the reasonable conclusion that the fall was related in some degree to the subsequent injuries, the parties had not demonstrated the degree of compensability to be awarded the employee. It then awarded employee temporary total disability, pending a further determination, and recited in part:

> This award is only temporary or partial, is subject to further order and the proceedings are hereby continued and kept open until a final award can be made. If this award is not complied with, any amounts that may be due hereunder may be doubled in the final award, if such final award is in accordance herewith.

The employer filed its notice of appeal on July 7, 1994. On July 20, 1994, the employee filed a motion to dismiss the appeal claiming the temporary or partial award was not a final order.

■ There is no statutory authorization to appeal the Commission's temporary or partial awards. *Boatner v. Slusher*, 614 S.W.2d 35, 36 (Mo.App.1981) However, the Commission issued 8 CSR § 20–3.040 (1975)[1], to

---

1. 8 CSR 20–3.040 provides as follows:
   **8 CSR 20–3.040 Temporary or Partial Awards**
   PURPOSE: This rule specifies when an application to review a temporary or partial award may be filed.

provide for review of temporary or partial awards on the single issue of liability. *Woodburn v. May Distributing Co., Inc.*, 815 S.W.2d 477, 480 (Mo.App.1991). This issue is then reviewable by appellate courts. *Id.* at 481.

This case differs from the situation described in the Commission's regulation because here the "Temporary or Partial Award" was entered by the Commission, not the ALJ. The employer then brought this appeal, denying all liability for compensation. However, review by our court under the circumstances of this case is consistent with the spirit of the rule and the Commission's interpretation of the rule because here, as in *Woodburn*, the employer is denying liability for the payment of any compensation. Employee's motion to dismiss is denied.

In its first point, employer claims the Commission erred in awarding a temporary or partial award to employee because the fall did not arise out of and in the course of employee's employment.

"The general rule is that an injury is one that 'arises out of' the employment if it is a natural and reasonable incident thereof and it is 'in the course of employment' if the accident occurs within a period of employment *at a place* where the employee *may reasonably be fulfilling* the duties of employment." *Ford v. Bi–State Development Agency*, 677 S.W.2d 899, 901 (Mo.App.1984), *quoting Automobile Club Inter–Insurance Exchange v. Bevel*, 663 S.W.2d 242, 245 (Mo. banc 1984) (emphasis theirs). Here, employer contends the extent of employee's departure from his job duties was so great that employee had abandoned his job duties and was engaged in the personal activity of seek-ing medical attention for a non work-related injury, his heart attack.

"Activities within reasonable limits of time and place, for the comfort or convenience of the employee, are considered incidental to employment because they benefit the employee and thereby indirectly benefit the employer. Therefore, injuries which occur during these incidental activities are held to have been in the course of employment." *Yaffe v. St. Louis Children's Hosp.*, 648 S.W.2d 549, 551 (Mo.App.1982).

If the employee engages "in a course of conduct inherent in and expected of persons while assuaging their physical needs at work, ... his acts do not constitute an actual interruption of the employment and bestow some benefit upon the employer although at the same time giving personal comfort to the employee." *Kunce v. Junge Baking Company*, 432 S.W.2d 602, 609 (Mo.App.1968).

■ Employees who experience chest pain have a physical need for medical attention. In seeking medical assistance for his chest pain, employee was engaging in a course of conduct inherent in and expected of persons while assuaging their physical needs at work. His act did not constitute an actual interruption of his employment; it indirectly bestowed some benefit upon the employer, although at the same time giving personal comfort to the employee. The injuries resulting from his fall are therefore compensable. Employer's first point is denied.

■ In its second point, employer claims the Commission erred in entering the temporary or partial award because the condition of the workplace did not cause employee's fall as the employee was walking down an ordinary set of steps. We disagree.

(1) Whenever an administrative law judge issues a temporary or partial award under section 287.510, RSMo, the same shall not be considered to be a final award from which an application for review (see 8 CSR 20–3.030) may be made. The time for making an application for review shall not commence until a final award is issued by the administrative law judge in cases where a temporary or partial award has been issued.
(2) Any party who feels aggrieved by the issuance of a temporary or partial award by an administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation and especially setting forth the grounds for the basis of that contention and where the evidence fails to support findings of the administrative law judge as to liability for the payment of compensation. The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.

**126**

■ The Missouri Supreme Court has held that a causal connection is established if the conditions of the workplace contributed to cause the accident, even if the precipitating cause was idiopathic. *Alexander v. D.L. Sitton Motor Lines*, 851 S.W.2d 525 (Mo. banc 1993). While a wholly idiopathic event such as a heart attack is not compensable, injuries sustained in a fall as a result of the heart attack are compensable, assuming there is a causal connection between the fall and the workplace. *Id.* at 529.

In *Alexander*, the employee was standing on a platform behind his tractor-cab to uncouple two hoses and an electrical line. *Id.* at 526. The platform was approximately 2 feet wide, 4 feet long and 4½ feet high. *Id.* He became dizzy and fell to the ground. *Id.* The court held that although the precipitating cause, the dizzy spell, was idiopathic, the subsequent fall arose out of the worker's employment and was compensable because the conditions of the worker's employment— his work on the elevated platform—caused or contributed to cause his injuries. *Id.* at 529. Here, the employee slipped and fell on the stairs. The conditions of the employee's employment—his negotiation of the metal steps—caused or contributed to cause his injuries. Employer's second point is denied.

In its final point, employer claims the Commission erred in entering the award because the employee failed to establish medical causation between his fall and his injuries. We have reviewed the record. The order of the Commission is supported by competent and substantial evidence on the whole record; no error of law appears. A written opinion on this point would have no precedential value. Employer's final point is denied. Rule 84.16(b).

The award of the Labor and Industrial Commission is affirmed. Employee's motion to dismiss is denied.

CRANE, P.J., and DOWD, J., concur.