Jeanette JONES, Employee/Claimant,

v.

WASHINGTON UNIVERSITY,
Employer/Respondent.

and

Treasurer of the State of Missouri, as Custodian of the Second Injury Fund, Additional Party/Respondent.

No. ED 87373.

Missouri Court of Appeals,
Eastern District,
Division One.

June 27, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 2006.

Application for Transfer Denied
Sept. 26, 2006.

Sally I. Heller, St. Louis, MO, for appellant.

Carl Kessinger, Michael T. Finneran, Assistant Attorney General, St. Louis, MO, for respondents.

## OPINION

MARY K. HOFF, Presiding Judge.

Jeanette Jones (Claimant) appeals from the Final Award Denying Compensation (Final Award) of the Labor and Industrial Relations Commission (the Commission) modifying an Award and Decision (Decision) of the Administrative Law Judge (ALJ) at the Division of Workers' Compensation (the Division). Claimant argues, among other issues, that the Commission erred in applying Section 287.120.8[1] to determine that she did not sustain an accidental injury arising out of and in the course of her employment. We reverse and remand with instructions.

*Factual and Procedural Background*

Washington University (Employer) employed Claimant as a licensed practical nurse for about twenty-one years, most of which Claimant worked in the outpatient dialysis department. On Saturday, December 30, 2000, Claimant was working in the outpatient dialysis department administering dialysis treatment to a male patient (Patient). Claimant was wearing a v-neck scrub top with a uniform skirt and a lab coat. As Claimant bent over Patient to prepare him for dialysis, Patient reached his hand inside Claimant's top and grabbed her breast. Claimant removed Patient's hand, yelled at him, and told him he was not supposed to touch the nurses. Patient looked at Claimant, smiled, and said "I guess I'm in trouble because I'm a white man." Claimant, who is African–American, advised Patient that it did not matter what color he was, he was not allowed to touch her. Claimant was shocked, embarrassed, humiliated, and felt degraded. Claimant continued to treat Patient because that was her job and she knew that the dialysis department was short-staffed on weekends. The charge nurse was notified of the incident.

After Claimant left work that day, she "broke down" emotionally in her car. She took some prescheduled vacation time in January. At the end of January, Claimant began psychiatric treatment. She was diagnosed with depression and post-traumatic stress disorder based on the incident. Claimant received counseling and took medication. In April 2001, Claimant re-

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

signed her employment with Employer because of the incident. Ultimately, a vocational expert determined that, based on Claimant's emotional problems, she is permanently and totally disabled.

Claimant filed with the Division a Claim for Compensation in which she alleged mental injury resulting from being "physically violated by a patient." The claim proceeded to a hearing before the ALJ, where the issues for determination were: whether Claimant sustained an accidental injury arising out of and in the course of her employment; medical causation; Employer's liability for past and future medical expenses; the nature and extent of permanent disability; Second Injury Fund Liability; and past temporary total disability benefits. Subsequently, the ALJ entered her Decision denying compensation.

In determining whether Claimant sustained an accidental injury arising out of and in the course of her employment, the ALJ reasoned as follows:

> Claimant did not sustain any physical injury directly as a result of the December 30, 2000 incident. Since Claimant did not sustain any physical injury directly as a result of the work incident, this case is what is generally characterized as a 'mental case' versus a physical, mental situation. As such, in order to arise out of and in the course of Claimant's employment the injury must meet the requirements of [Section] 287.120.8 of the Missouri Workers' Compensation Act.

The ALJ determined that Claimant had "not met her burden of proving that the stress was extraordinary and unusual," and, therefore, Claimant "did not meet the criteria set out in [Section] 287.120.8, and failed to prove that the incident arose out

of and in the course of employment." Accordingly, the ALJ denied compensation and did not address the remaining issues for determination as they were moot. Although the ALJ denied compensation, the Decision stated that Patient's conduct was reprehensible and inexcusable and that Claimant's suffering was real and debilitating.

Subsequently, Claimant filed with the Commission an Application for Review. The Commission entered its Final Award in which it affirmed, attached, and incorporated by reference the Decision of the ALJ, with one modification. In the Decision, the ALJ misstated a stipulation of the parties, namely, that Claimant sustained an accident arising out of and in the course of her employment. The parties actually had stipulated that Claimant sustained an accident, but, as stated above, whether the accident arose out of and in the course of Claimant's employment was an issue for determination at the hearing. The Final Award modified the Decision to correct this misstatement.[2] Claimant appeals from the Final Award.

### Standard of Review

■ We will affirm the final award of the Commission unless: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Section 287.495. In the absence of fraud, the Commission's findings of fact made within its powers are conclusive and binding, and we confine our review to questions of law. *Id.*

**2.** We note that the legal file contains a "corrected" Decision by the ALJ that remedied this misstatement; nonetheless, the Final

Award refers to the uncorrected version of the Decision.

When the Commission affirms or adopts the findings of the ALJ, the decision and findings of the ALJ are reviewed as adopted by the Commission. *Moriarty v. Treasurer of State of Missouri*, 141 S.W.3d 69, 72 (Mo.App. E.D.2004). However, we independently review questions of law for correctness without deference to the Commission's final award. *Id.* We liberally construe all provisions of the workers' compensation law to favor the claimant. *George v. City of St. Louis*, 162 S.W.3d 26, 30 (Mo.App. E.D.2005).

## Discussion

Claimant raises four points on appeal. Because her first point is dispositive, we only address that point.[3] In her first point, Claimant argues that the Commission erred in applying Section 287.120.8 to determine that Claimant did not sustain an accidental injury arising out of and in the course of her employment.

Section 287.120.8 provides:

Mental injury resulting from work-related stress does not arise out of and in the course of the employment, unless it is demonstrated that the stress is work related and was extraordinary and unusual. The amount of work stress shall be measured by objective standards and actual events.

We conclude that the Commission erred in applying Section 287.120.8 to determine that Claimant did not sustain an accidental injury arising out of and in the course of her employment. The plain language of Section 287.120.8 indicates that it applies only to claims of mental injury resulting from work-related stress. Claimant's claim of mental injury was not based upon work-related stress, i.e., based upon work conditions over a period of time. *See Sherman v. First Fin. Planners, Inc.*, 41 S.W.3d 633, 636–37 (Mo.App. E.D.2001) (the claimant alleged her hours, duties, responsibilities, and other work-related factors caused her stress); *Williams v. DePaul Health Center*, 996 S.W.2d 619, 631 (Mo.App. E.D.1999) (the claimant alleged her work conditions caused her stress). Rather, Claimant's claim of mental injury was based upon the physical assault that occurred on December 30, 2000. Claimant's claim is for mental injury resulting from a traumatic incident, one which included the physical contact or impact of Patient grabbing Claimant's breast, not from work-related stress. Therefore, by its terms, Section 287.120.8 does not apply to Claimant's claim, and she was not required to prove that the stress was extraordinary and unusual. *See E.W. v. Kansas City Missouri Sch. Dist.*, 89 S.W.3d 527, 535–536 (Mo.App. W.D.2002) (the claimant's claim of mental injury was not based upon work-related stress but instead was based upon a particular traumatic incident, and, therefore, Section 287.120.8 did not apply).[4] Thus, the compensability of Claimant's claim should be determined under Section 287.120.1.[5] Ac-

---

3. We note that Claimant's point three on appeal is the only point that raises issues relevant to Second Injury Fund liability. Because we remand the case, we need not address this point.

4. The *E.W.* court reasoned that the need to distinguish extraordinary mental stress from ordinary day-to-day stress is not applicable to a mental injury arising from a traumatic incident, so it is understandable why the legislature did not require proof of extraordinary

and unusual stress for compensation of a claim for mental injury resulting from a traumatic incident. *Id.* at 536.

5. Section 287.120.1 provides:

Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of [the

cordingly, Claimant's first point on appeal is granted.

### Conclusion

The Final Award of the Commission is reversed and remanded with instructions to apply Section 287.120.1 to determine whether Claimant sustained an accidental injury arising out of and in the course of her employment and, if necessary, to address the remaining issues for determination.

CLIFFORD H. AHRENS, Judge and SHERRI B. SULLIVAN, Judge, concur.

employee's] employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term 'accident' as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.