Leslie DUBOSE, Claimant/Respondent,

v.

**CITY OF ST. LOUIS,**
**Employer/Appellant,**

and

**Treasurer of the State of Missouri, as Custodian of the Second Injury Fund, Additional Party.**

No. ED 87865.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 14, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 2006.

Application for Transfer Denied Jan. 30, 2007.

cle. Claimant was seriously injured as a result of these impacts.

Claimant's employment required him to patrol the areas in and around Lambert International Airport by foot four days a week and by car one eight-hour day a week. Patrol officers were to "devote the maximum possible time to the performance of [their] basic dut[ies] of patrol, remaining in the station only when necessary." His patrol route took him on the highways and roads that accessed the airport. In particular, he traveled on Natural Bridge Road in order to access the airport from the east.

Claimant filed a claim for compensation with the Division of Workers' Compensation against the City of St. Louis and the Second Injury Fund for the injuries resulting from the March 7, 2000 motor vehicle accident. After a hearing, the ALJ entered an award denying compensation, concluding that claimant's injuries did not arise out of his employment because the seizure was idiopathic and wholly unrelated to work. On review, the Commission entered a Final Award Allowing Compensation, reversing the ALJ's award and decision. The Commission concluded that claimant sustained an injury due to an accident arising in the course of his employment and that a causal connection was established between the conditions of employment and the accident. The Commission awarded claimant permanent total disability benefits, temporary total disability benefits, temporary partial disability benefits, past due medical expenses, and future medical care and treatment. It did not find Second Injury Fund liability. Employer appeals.

## DISCUSSION

■ When a worker's compensation claim is appealed, we review only questions of law. Section 287.495.1 RSMo (2000).

Dean L. Christianson, St. Louis, MO, for respondent.

R. Kent Schultz Holtkamp, Liese, Childress & Schultz, P.C., St. Louis, MO, for appellant.

Da–Niel Cunningham, Office of the Attorney General, St. Louis, MO, for additional party.

KATHIANNE KNAUP CRANE, Judge.

In this workers' compensation case, employer, the City of St. Louis, appeals from the final award of the Labor and Industrial Relations Commission (Commission) allowing compensation and reversing the award and decision of the Administrative Law Judge (ALJ). The Commission found that claimant, Leslie Dubose, had sustained permanent total disability as a result of injuries sustained in an automobile accident precipitated by a seizure while driving a vehicle for employer. On appeal, employer challenges the causal connection between the work and claimant's injuries and whether claimant's injuries were medically caused by the accident. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2000, claimant, who was employed by the City of St. Louis as an airport police officer, had a seizure while driving his city-owned vehicle on Natural Bridge Road in the course of his patrol duties. As a result of the seizure, he lost control of his vehicle, which hit the car in front of it, left the road, and collided with a utility pole, a building, and a parked vehi-

We may modify, reverse, remand for hearing, or set aside awards based on factual determinations only on the grounds prescribed by statute: (1) that the Commission acted without or in excess of its powers; (2) that the award was procured by fraud; (3) that the facts found by the Commission do not support the award; or (4) that there was not sufficient competent evidence in the record to warrant the making of the award. *Id.* We review the Commission's award to determine whether the award is "supported by competent and substantial evidence upon the whole record." *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003).

■ We defer to the Commission on issues of fact, but review questions of law *de novo. Endicott v. Display Technologies, Inc.,* 77 S.W.3d 612, 615 (Mo. banc 2002). We review Commission decisions which are clearly interpretations or applications of law for correctness without deference to the Commission's judgment. *West v. Posten Const. Co.,* 804 S.W.2d 743, 744 (Mo. banc 1991) *overruled on other grounds by Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003); *Harrison v. Harrison Turf Co.,* 908 S.W.2d 159, 161 (Mo.App.1995). Findings of ultimate fact reached through the application of law, rather than by natural reasoning based on facts alone, are conclusions of law. *Merriman v. Ben Gutman Truck Service, Inc.,* 392 S.W.2d 292, 297 (Mo.1965). We defer to the Commission when it resolves issues concerning the credibility and weight to be given to conflicting evidence. *Moriarty v. Treasurer of State of Missouri,* 141 S.W.3d 69, 72 (Mo.App.2004). We do not review arguments and issues raised in the argument under a point that are not fairly encompassed by that point. *See* Rule 84.04(e); *66, Inc. v. Crestwood Commons Redev. Corp,* 130 S.W.3d 573, 584 (Mo.App. E.D. 2003).

## Point I—Work Related Causation

■ For its first point, employer contends that the Commission's finding that employment conditions caused claimant's injuries is not based upon sufficient, competent evidence on the record.[1] In the argument portion under this point, employer contends that a causal connection did not exist between the condition of the "workplace" and claimant's injury because claimant's injury was idiopathic in nature and employee was not engaged in an activity "unique to the workplace" at the time of the accident, as required under the Missouri workers' compensation statute.

The Commission found a causal connection was established because the conditions of the employment caused or contributed to the accident. It found that claimant's employment "had placed him in a position where the consequences of his blacking out precipitated by an idiopathic occurrence were markedly more dangerous than if he had not been so employed." It further found that employee would not have suf-

1. None of employer's points relied on comply with Rule 84.04(d)(2) or follow the format set out in that rule. Instead, each point begins: "This court should reverse the commission's finding that ..." Each point then concludes with the claim that the finding was not based on "sufficient, competent evidence in the record" but does not reference the applicable statute authorizing review or explain why, in the context of the case, legal reasons support its claim of reversible error. "The require-

ment that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). "Instead, the purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review." *Eddington v. Cova,* 118 S.W.3d 678, 681 (Mo.App.2003).

fered the significant injuries he did if he had not been driving a motor vehicle on behalf of his employer.

Section 287.020.2 RSMo (2000) defines accident:

> The word **"accident"** as used in this chapter, shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen *identifiable* event *or series of events* happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury. *An injury is compensable if it is clearly work related. An injury is clearly work related if work was a substantial factor in the cause of the resulting medical condition or disability. An injury is not compensable merely because work was a triggering or precipitating factor.*

(Emphasis denotes language new in 1993). This definition focuses on whether there is a compensable injury. *Willeford v. Lester E. Cox Med. Ctr.*, 3 S.W.3d 872, 874 (Mo. App. S.D.1999). Section 287.020.3(1) defines "injury" to be one that "has arisen out of and in the course of employment." Section 287.020.3(1) adds that "[t]he injury must be incidental to and not independent of the relation of employer and employee." Section 287.020.3(2) declares:

> (2) An injury shall be deemed to arise out of and in the course of the employment only if:
>
> (a) It is reasonably apparent, upon consideration of all the circumstances, that the employment is a substantial factor in causing the injury; and
>
> (b) It can be seen to have followed as a natural incident of the work; and
>
> (c) It can be fairly traced to the employment as a proximate cause; and
>
> (d) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life [.]

The worker's compensation statute does not cover an injury wholly caused by an idiopathic condition. *Kasl v. Bristol Care Inc.*, 984 S.W.2d 852, 854 (Mo. banc 1999); *Alexander v. D.L. Sitton Motor Lines*, 851 S.W.2d 525, 528–29 (Mo. banc 1993). However, a causal connection is established if the conditions of the employment contribute to the injury, even if the cause of the accident was idiopathic. *Alexander*, 851 S.W.2d at 528–29; *McCormack v. Stewart Enterprises, Inc.*, 916 S.W.2d 219, 223 (Mo.App.1995); *Clancy v. Armor Elevator Co.*, 899 S.W.2d 123, 126 (Mo.App.1995). *See also Knipp v. Nordyne, Inc.*, 969 S.W.2d 236, 239–40 (Mo. App.1998).

In *Alexander*, the employee suffered a dizzy spell and fell. His injuries were caused by falling four and a half feet from a narrow platform on which he was required to work. Although the dizzy spell was idiopathic, the court held that his injuries were compensable because the condition of employment, being on the platform, contributed to the injuries. 851 S.W.2d at 529. In *McCormack*, the parties disputed whether heat or an idiopathic condition caused the employee to black out and fall four feet from the seat of an asphalt compactor he was operating. The court held that the cause of the employee's unconsciousness and fall "is not determinative of the legal issue." 916 S.W.2d at 223. Rather, it was the fact that the four-foot fall from the compactor contributed to the employee's spinal injury that made the injury compensable. *Id.* at 224. In *Clancy*, the employee experienced chest pain while repairing an elevator. He slipped and fell while descending a narrow set of steps to get assistance. Although employ-

er claimed that walking down an ordinary set of steps was not a condition of employment, we held that the "conditions of the employment—his negotiation of the metal steps—caused or contributed to cause his injuries." 899 S.W.2d at 126. In *Knipp*, the court held that even though the original cause of the employee's fall was idiopathic, the employee would not have fallen from a height of three feet if he had not been operating a forklift. 969 S.W.2d at 239–40. It concluded: "Therefore, the fact that the original cause was idiopathic would not prevent recovery if there was some evidence that falling and hitting his head at least exacerbated [the employee's] injury."[2] *Id.* at 240.

Likewise, in this case, the fact that an idiopathic condition caused claimant to lose control of his patrol car does not prevent recovery because the evidence showed that claimant's injuries resulted from the collisions his car was involved in after it went out of control.

Employer counters that *Abel v. Mike Russell's Standard Service*, 924 S.W.2d 502 (Mo. banc 1996) requires reversal of this case. In *Abel*, the employee, who was standing on level ground, fainted and hit his head on the ground. The court held there was nothing about the condition of the workplace that made "his workplace any different from or any more dangerous than those a member of the general public could expect to confront in a non-work setting." *Id.* at 504. Employer argues that, comparable to the situation in *Abel*, claimant's driving on a public street did not subject him to any risk "unique to the workplace." We disagree.

We first point out that *Abel* was decided under the worker's compensation statute prior to the 1993 amendments. The Mis-

souri Supreme Court has directed that *Abel's* limitation of the term "work" to the concept of "workplace" is not to be followed in cases deciding claims governed by the 1993 amendments. *Kasl*, 984 S.W.2d at 853 n.2. Further, as we have discussed, the focus after the 1993 amendments is on the cause of the injury.

Moreover, *Abel* is factually inapplicable. Here, claimant's employment required him to drive a patrol car on the day in question, circling through and around the airport. Claimant's injuries were exacerbated by the fact that he suffered the seizure while in control of a moving vehicle, which he was required to drive as part of his employment. *See McCormack*, 916 S.W.2d at 224. The fact that claimant was driving a patrol car on a public street, rather than operating a forklift or asphalt compactor on private property, does not mandate a different result. When an employee is required to travel on public streets, injuries suffered from hazards inherent to street travel are compensable, and it is irrelevant that other persons are exposed to the same conditions. *Wahlig v. Krenning–Schlapp Grocer Co.*, 325 Mo. 677, 29 S.W.2d 128, 131 (1930); *Liebman v. Colonial Baking Company*, 391 S.W.2d 948, 954 (Mo.App. St.L 1965).

A sufficient causal connection existed between claimant's work and his injuries. The Commission did not misinterpret or misapply the law in finding that claimant's injuries resulted from his employment. Point one is denied.

*Points II and IV—Medical Causation Issues*

In its second and fourth points, employer asserts that there was not sufficient competent evidence in the record to sup-

---

**2.** However, in *Knipp*, this causal connection was not shown, rather all the medical testimony was to the effect that the employee's hematoma was caused by an aneurysm and not by the fall. *Id.*

 

port the Commission's findings 1) that claimant suffers from dementia, that the accident caused claimant's dementia, or that the accident caused his preexisting seizure disorder to become worse or 2) that claimant's permanent total disability is a result of the injuries he sustained in the accident alone or in combination with preexisting injuries.

Points two and four challenge the Commission's reliance on expert testimony that it found credible and its failure to rely on conflicting medical testimony. When causation depends on the acceptance or rejection of conflicting medical opinions or theories, it is up to the Commission and not the reviewing court to decide which of the two lines of expert reasoning was more credible. *Kent v. Goodyear Tire and Rubber Co.*, 147 S.W.3d 865, 871 (Mo.App. 2004). Points two and four are denied.

*Point III—Past Medical Expenses*

In its third point, employer again challenges causation, which we have addressed, and additionally argues that claimant failed to show by expert testimony that the medical treatment he received following his return to work was necessary and related to employment. Employer cites no authority that requires an expert opinion on this issue. The Commission found that claimant's medical bills from the date of the accident to the date of the hearing were employer's responsibility because claimant had established a causal connection between his work and his injuries, and he had established medical causation.

At the hearing, claimant offered into evidence 1) the reports of his medical experts, who extensively described claimant's treatments and medications; 2) the medical records and reports of his treating physicians and hospitals; and 3) his medical bills. These bills reflected the treatments claimant received for the conditions that the medical experts opined were caused by the March 7, 2000 accident. This was sufficient evidence to support a conclusion that the expenses were casually related to the injury. *Lenzini v. Columbia Foods*, 829 S.W.2d 482, 484 (Mo.App. 1992). Point three is denied.

*Conclusion*

The Commission's award is affirmed.

ROY L. RICHTER, P.J. and SHERRI B. SULLIVAN, J., concur.